**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Jakarta T. Leggett,

                                        Plaintiff,                          **12 Civ. 2822 (NSR)(LMS)**

            *- against -*                                                   **REPORT AND**
                                                                            **RECOMMENDATION**

Commissioner of Social Security,

                                        Defendant.

**TO: THE HONORABLE NELSON ROMAN, U.S.D.J.**[1]

 Jakarta T. Leggett, proceeding pro se, brings this action pursuant to 42 U.S.C.

§1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security

(the "Commissioner"), finding that she was not entitled to supplemental security income under

the Social Security Act (the "Act"). Compl. ¶ 1. Currently pending before the Court is

Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure. Def't's Mot., D.E. 15 - 20. Plaintiff has not filed an opposition to Defendant's

motion. For the reasons that follow, I conclude, and respectfully recommend that Your Honor

should conclude, that Defendant's motion should be granted.

**I.    BACKGROUND**

 **A.    Procedural History**

 On October 8, 2008, Plaintiff filed an application for supplemental security income

---

[1]On October 16, 2012, Judge Ramos, to whom this matter was originally assigned, referred this application to me for preparation of a Report and Recommendation. Order of Reference, Docket Entry (herein, "D.E.") 13.

("SSI"), claiming that her disability began on November 20, 2004.[2]  AR 12, 40, 96.  Her claimed

disability included lower back and neck pain, depression, anxiety, and headaches.  AR 96.

Plaintiff's application was denied on January 20, 2009, AR 41, and she thereafter requested a

hearing by an Administrative Law Judge ("ALJ").  AR 49-51.  Following a hearing on March 16,

2010, the ALJ issued a written decision in which he determined that Plaintiff was not disabled

within the meaning of the Act and was therefore not entitled to SSI.  AR 9-39.  Plaintiff filed a

request for review of the ALJ's decision with the Appeals Council.  AR 5-8.  On April 12, 2012,

the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the

final decision of the Commissioner.  AR 1-4.

On April 9, 2012, Plaintiff commenced the instant action in this Court, alleging that the

ALJ wrongly denied her SSI.  Compl. ¶ 4.  Defendant answered on September 4, 2012.  Answer,

D.E. 11.  I then issued an Order on October 25, 2012, setting a schedule for motions for

judgment on the pleadings and advising Plaintiff that failure to oppose any such motion by

Defendant might result in a recommendation by this Court that the motion be granted by default.

D.E. 14.  On December 12, 2012, Defendant filed its motion for judgment on the pleadings.  The

following day, Defendant filed a certificate of service indicating that Defendant served Plaintiff

with the motion by mail on December 13, 2012.  Def't's Certificate of Service, D.E. 17.  Under

my October 25, 2012, Order, Plaintiff's opposition to the motion was due thirty days after service

and filing of Defendant's motion for judgment on the pleadings.  To date, Plaintiff has not filed

any opposition to the motion, despite being advised of the potential consequences of failing to do

---

[2]In her Complaint, Plaintiff asserts that her disability in fact began on May 13, 2007.
Compl. ¶ 5.  However, in Plaintiff's November 2008 disability report, she stated that she first
became unable to work due to her disability in November 2004.  Administrative Record (herein,
"AR") 96, D.E. 19.

so, and has made no requests for extensions of time.

## II.   APPLICABLE LEGAL PRINCIPLES

### A.   Standard of Review

The scope of review in an appeal from a denial of social security involves two levels of inquiry.  First, the court must determine whether the Commissioner applied the correct legal standard in concluding that the plaintiff was not disabled.  See Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999).  "Failure to apply the correct legal standards is grounds for reversal" of the ruling.  Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984).  Second, the court must decide whether the Commissioner's decision was supported by substantial evidence. See Green-Younger v. Barnhart, 335 F.3d 99, 105 - 06 (2d Cir. 2003).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. at 106 (internal quotation marks and citations omitted).  When determining whether substantial evidence supports the Commissioner's decision, it is important that the court "carefully consider[] the whole record, examining evidence from both sides."  Tejada, 167 F.3d at 774 (citing Quinones v. Chater, 117 F.3d 29, 33 (2d Cir. 1997)). "It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999).  If the "decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its own] judgment for that of the Commissioner."  Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).  Moreover, the ALJ "has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel."  Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

3

### B.    Determining Disability

In the context of a claim for SSI, the Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). In evaluating a disability claim, regulations issued pursuant to the Act set forth a five-step process that the Commissioner must follow. See 20 C.F.R. § 416.920(a)(4).

First, the Commissioner will consider whether the claimant is working in "substantial gainful activity." Id. at § 416.920(a)(4)(i), (b). If the claimant is engaged in "substantial gainful activity," then the Commissioner will find that the claimant is not disabled. Id. Second, the Commissioner considers the medical severity of the claimant's impairments. Id. at § 416.920(a)(4)(ii). The claimant's impairment will not be deemed severe "[i]f [he or she] do[es] not have any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities." Id. at § 416.920(c). Third, if it is found that the claimant's impairments are severe, the Commissioner will determine if the claimant has an impairment that meets or equals one of the impairments presumed severe enough to render one disabled, listed in Appendix 1 to Part 404, Subpart P of the Social Security Regulations. See id. at § 416.920(a)(4)(iii),(d). If the claimant's impairments are not on the list, the Commissioner considers all the relevant medical and other evidence and decides the claimant's residual functional capacity. See id. at § 416.920(e). Then, the Commissioner proceeds to the fourth step to determine whether the claimant can do his or her past relevant work. See id. at § 416.920(a)(4)(iv),(e) - (f). Finally, if it is found that the claimant cannot do his or her past relevant work, the Commissioner will consider the claimant's residual functional capacity, age,

4

education, and work experience to see if he or she can make an adjustment to other work.  See
id. at § 416.920(a)(4)(v),(g).

   The claimant bears the burden of proof on the first four steps of this analysis.  See
DeChirico v. Callahan, 134 F.3d 1177, 1180 (2d Cir. 1998) (citation omitted).  If the ALJ
concludes at an early step of the analysis that the claimant is not disabled, he or she need not
proceed with the remaining steps.  See Williams v. Apfel, 204 F.3d 48, 49 (2d Cir. 2000).  If the
fifth step is necessary, the burden shifts to the Commissioner to show that the claimant is capable
of other work.  DeChirico, 134 F.3d at 1180 (citation omitted).

## III.   DISCUSSION

   Plaintiff's Complaint asserts the boilerplate allegation that the ALJ's decision was not
supported by substantial evidence.  Compl. ¶ 9. As previously noted, Plaintiff has failed to file
any opposition to Defendant's motion for judgment on the pleadings, despite being informed of
the briefing schedule and of the consequences of failing to oppose the motion.  Plaintiff has
made no requests for an extension of time in which to oppose the motion.  In addition, this Court
has examined the record as a whole and finds that there is substantial evidence supporting the
ALJ's decision.  The ALJ applied the five-step analysis described above and determined that
although Plaintiff's back and neck pain, asthma, obesity, headaches, sleeping problems,
depression, and anxiety qualified as severe impairments, they did not meet or medically equal
one of the statutory impairments.  AR 14-15.  He further concluded that Plaintiff was not
disabled because, despite these impairments, her age, education, and residual functional capacity
enabled her to perform certain sedentary jobs.  AR 15-19.

   The ALJ's decision was based on a thorough review of Plaintiff's medical history and the
opinions of Plaintiff's treating and examining medical professionals, including Dr. Martha

Valdivia, Dr. Judith Zaslofsky, Dr. Arnold Blank, Dr. Barbara Akresh, and Dr. Herb Meadow. AR 15-18. Although one psychologist, Dr. Virginia Contreras, concluded after one visit with Plaintiff that she was "unable to work for at least 12 months," the ALJ gave little weight to Contreras's opinion, as she made her recommendation upon first meeting Plaintiff and failed to explain her conclusion. AR 17, 177. Contreras's opinion also contradicted the medical opinions of the other physicians who examined and treated Plaintiff, which were all consistent with Plaintiff's ability to engage in certain sedentary work.

Therefore, because this Court finds that the ALJ's decision is supported by substantial evidence and is free from legal error, I conclude, and respectfully and recommend that Your Honor should conclude, that Defendant's motion for judgment on the pleadings should be granted and this case should be dismissed with prejudice.[3] See Berry v. Schweiker, 675 F.2d 464 (2d Cir.1982).

## IV.   CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Defendant's motion for judgment on the pleadings (D.E. 15) should be granted, and this case should be dismissed with prejudice.

## V.   NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file

---

[3]Should Plaintiff file substantive objections to this Report and Recommendation, I respectfully request that Your Honor refer the motion back to me for a more detailed analysis of the claims.

written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Nelson Roman at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Roman.

Dated: August 5, 2013
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Nelson Roman, U.S.D.J.

Jakarta T. Leggett
1001 University Ave.
Apt. 3C
Bronx, NY 10452

Susan D. Baird
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007